UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| BRANDON CARRIER, | ) | |
|---|---|---|
| Plaintiff, | ) | Case No. 2:24-cv-36 |
| v. | ) | Judge Travis R. McDonough |
| JIM RYMER and MATT PATTERSON, | ) | Magistrate Judge Cynthia R. Wyrick |
| Defendants. | ) | |

**MEMORANDUM ORDER**

The Court is in receipt of a pro se prisoner's civil rights complaint under 42 U.S.C. § 1983 (Doc. 1) and motion for leave to proceed *in forma pauperis* (Doc. 2). For the reasons set forth below, the Court **GRANTS** Plaintiff's motion and will **DISMISS** the complaint as malicious.

I. **MOTION TO PROCEED *IN FORMA PAUPERIS***

It appears from Plaintiff's motion that he lacks sufficient financial resources to pay the filing fee in a lump sum. Accordingly, pursuant to 28 U.S.C. § 1915, this motion (Doc. 2) is **GRANTED**.

Because Plaintiff is an inmate, he is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 220 West Depot Street, Suite 200, Greeneville, Tennessee 37743, twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the

full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined. The Clerk is also **DIRECTED** to furnish a copy of this Order to the Court's financial deputy. This Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. COMPLAINT SCREENING

### A. Screening Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (citations omitted). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of

2

a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681. However, courts should liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than "formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### B. Allegations of Complaint

Since November 8, 2022, Plaintiff has been housed in a medical cell at the Carter County Jail with around-the-clock surveillance per the orders of Captain Matt Patterson (Doc. 1, at 3–4). As a result of the constant surveillance, Plaintiff is forced to expose himself to members of the opposite sex while showering or using the restroom (*Id*. at 4). Plaintiff, who was sexually abused as a child, feels "major discomfort" and experiences sexual abuse each time a female officer observes him showering or using the toilet (*Id*.).

On May 22, 2023, Plaintiff was housed in administrative segregation at the Carter County Jail. (*Id*. at 5). At that time, Correctional Officer ("CO") Rymer knew Inmate Porter had threatened Plaintiff, but he nonetheless opened Inmate Porter's cell door while Plaintiff was on recreation time. (*Id*.) Inmate Porter attacked Plaintiff, telling Plaintiff he would "knock [Plaintiff] out and f**k [him]." (*Id*.) Inmate Porter got on top of Plaintiff, pulled down his pants, and "tried to mount" Plaintiff. (*Id*.) CO Rymer "did nothing" about the attack after it was finished, and when Plaintiff asked to file a Prison Rape Elimination Act ("PREA") complaint, he was told "to get over it." (*Id*.)

These incidents have caused Plaintiff significant post-traumatic stress, for which he seeks damages in the sum of $500,000 and transfer to "a different cell with no cameras." (*Id*. at 6.)

### C. Analysis

Plaintiff previously filed a § 1983 action against Captain Matt Patterson alleging, among other claims, that (1) CO Rymer failed to protect him from the same attack by Inmate Porter and

(2) he was subjected to unconstitutional surveillance while housed at the Carter County Jail. *See Carrier v. Patterson*, No. 2:23-CV-80-KAC-CRW (E.D. Tenn. 2023) at Doc. 2 p. 4. That case is currently on appeal (*See* Doc. 9 in Case No. 2:23-cv-80). And while Plaintiff adds more factual detail to the instant complaint and includes CO Rymer as a Defendant, his allegations in this case substantially duplicate the allegations raised in his prior lawsuit (*See generally* Doc. 1). Therefore, the Court finds that the present action is duplicative. *See Houston v. Caruso*, No. 2:08-CV-124, 2009 WL 579411, at *1 (W.D. Mich. Mar. 5, 2009) ("Where the factual allegations are the same and the actions of the newly named defendants merely formed a partial basis for the previous suit, the suit against the new defendants may be found to be duplicative." (citing *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) for its affirmance of a dismissal of a prisoner's second § 1983 complaint where the second complaint named different defendants)); *see also Smith v. S.E.C.*, 129 F.3d 356, 361 (6th Cir. 1997) (providing that, to be duplicative, a case "'must be materially on all fours with the other . . . . [T]he issues 'must have such an identity that a determination in one action leaves little or nothing to be determined in the other.'").

Federal courts try to avoid "duplicative litigation." *Smith,* 129 F.3d at 360 (citing *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817 (1976)). And because Plaintiff has an appeal pending regarding the claims raised in the instant action, the Court will **DISMISS** this action as malicious. *Sanders v. Washington*, 582 F. Supp. 3d 543, 548 (W.D. Mich. 2022) (collecting cases that "conclude that a 'duplicative complaint is an abuse of the judicial process and is properly dismissed without prejudice as malicious' for prisoners suing governmental entities and those proceeding *in forma pauperis*" (citing *Daker v. Ward*, 999 F.3d 1300, 1308 (11th Cir. 2021))); *Skudnov v. U.S. Dep't of HUD*, No. 3:15-CV-100-JHM, 2015 WL

3892422, at *3 (W.D. Ky. June 24, 2015) (finding "[a] complaint is malicious when it 'duplicates allegations of another []federal lawsuit by the same plaintiff'") (citation omitted).

III. **CONCLUSION**

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 2] is **GRANTED**;

2. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

3. The Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy;

4. This action will be **DISMISSED** as malicious; and

5. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**SO ORDERED.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**